# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 13-48933 |
| TERRY CALHOUN | ) | |
| | ) | Hon. A. Benjamin Goldgar |
| Debtor. | ) | |
| | ) | **Hearing Date: November 27, 2017** |
| | ) | **Hearing Time: 10:00 a.m.** |

**NOTICE OF FIRST AND FINAL APPLICATION OF FOX SWIBEL LEVIN & CARROLL LLP, FOR AN ORDER (I) ALLOWING AN ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MARCH 9, 2016 THROUGH AUGUST 10, 2017; AND (II) AUTHORIZING PAYMENT OF UNPAID FEES AND EXPENSES**

TO:     SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on **Monday, November 27, 2017 at 10:00 A.M.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable A. Benjamin Goldgar, or any judge sitting in his stead, in Courtroom 642, in the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, and present the **First and Final Application of Fox Swibel Levin & Carroll LLP, for an Order (I) Allowing an Administrative Claim For Compensation and Reimbursement of Expenses for the Period March 9, 2016 Through August 10, 2017; and (II) Authorizing Payment of Unpaid Fees and Expenses,** at which time and place you may appear as you see fit.

Dated: November 3, 2017                    Respectfully submitted,

                                                                **FOX SWIBEL LEVIN & CARROLL LLP**

                                                                By:    */s/ N. Neville Reid*
                                                                        Fox, Swibel, Levin & Carroll, LLP,
                                                                        General Bankruptcy Counsel to the Trustee

N. Neville Reid (ARDC #6195837)
Ryan T. Schultz (ARDC #6288585)
Brian J. Wilson (ARDC #6294099)
**FOX SWIBEL LEVIN & CARROLL LLP**
200 West Madison Street, Suite 3000
Chicago, IL  60606
Ph:  312.224.1200
Fx:  312.224.1201

## **CERTIFICATE OF SERVICE**

I, N. Neville Reid, certify that on November 3, 2017, I caused a copy of the foregoing **First and Final Application of Fox Swibel Levin & Carroll LLP, for an Order (I) Allowing an Administrative Claim For Compensation and Reimbursement of Expenses for the Period March 9, 2016 Through August 10, 2017; and (II) Authorizing Payment of Unpaid Fees and Expenses** to be filed electronically, with a copy of same being served upon the parties listed on the attached Service List by the Court's ECF filing system or by postage prepaid first-class U.S. Mail.



                                                    */s/ N. Neville Reid*
                                                    N. Neville Reid

## SERVICE LIST

**Parties to receive notice electronically via CM/ECF:**

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov


Deadra F. Woods Stokes on behalf of Debtor Terry Calhoun
dwslawpc@gmail.com


Ann M Erickson – representing Tina R. Calhoun
aerickson@morrisonandmix.com


Heather M Giannino on behalf of Creditor Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH1
bankruptcy@hsbattys.com, bankruptcy@hsbattys.com


Douglas K. Morrison – representing Tina R. Calhoun
dkmorrison@morrisonandmix.com


Wesley J. Gralapp – Class Counsel for Debtor
wgralapp@nbalawfirm.com



**Party to receive notice via postage-prepaid first class U.S. mail:**

TERRY CALHOUN
1245 HEATHER HILL CRESCENT
FLOSSMOOR, IL  60422


Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

Pathology Consultants, Inc.
c/o Komyatte & Casbon, P.C.
9650 Gordon Drive
Highland, IN 46322-2909


Tina R. Calhoun
JP Morgan Chase Bank, N.A.
131 S. Dearborn, 3rd Floor
Chicago, IL 60603-5571


Tina Calhoun
c/o Morrison & Mix
120 N. LaSalle St.
Suite 2750
Chicago, IL 60602

2

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re      )
           )
           )      Bankruptcy No. _____
           )
   Debtor. )      Chapter         _____

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION**
**(IN CASES UNDER CHAPTERS 7, 11 AND 12)**

Name of Applicant: _____

Authorized to Provide Professional Services to: _____

Date of Order Authorizing Employment: _____

Period for Which Compensation is Sought:
From   _____, _____   through _____, _____

Amount of Fees Sought:   $_____

Amount of Expense Reimbursement Sought:   $_____

This is an:      Interim Application _____          Final Application _____

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|

Dated:  _____        _____
                                                        (Counsel)

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 13-48933 |
| TERRY CALHOUN, | ) | |
| | ) | Hon. A. Benjamin Goldgar |
|           Debtor. | ) | |
| | ) | **Hearing Date: November 27, 2017** |
| | ) | **Hearing Time: 10:00 a.m.** |

**FIRST AND FINAL APPLICATION OF FOX SWIBEL LEVIN & CARROLL LLP,
FOR AN ORDER (I) ALLOWING AN ADMINISTRATIVE CLAIM FOR
COMPENSATION AND REIMBURSEMENT OF EXEPSNES FOR THE
PERIOD MARCH 9, 2016 THROUGH AUGUST 10, 2017; AND
(II) AUTHORIZING PAYMENT OF UNPAID FEES AND EXPENSES**

Fox Swibel Levin & Carroll LLP ("FSLC"), general bankruptcy counsel to N. Neville Reid, not individually, but solely in his capacity as the chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Terry Calhoun (the "Debtor"), files this application ("Application") for an order (i) allowing an administrative claim for compensation in the amount of $21,776.61, consisting of fees in the amount of $21,666.00 and expenses in the amount of $110.61 (collectively, the "Requested Compensation") incurred during the period of March 9, 2016 through August 10, 2017 (the "Application Period"); and (ii) authorizing the Trustee to pay FSLC (a) allowed fees in the amount of $3,105.76[1], and (b) allowed expenses in the amount of $110.61 incurred during the Application Period. For its Application, FSLC respectfully states the following:

**INTRODUCTION**

1.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of § 157(b). Venue is proper pursuant to 28

---

[1] Trustee seeks to allow all of the Requested Compensation herein but, as an accommodation to the Estate, is requesting payment of only an amount equal to $3,105.76 of allowed fees incurred during the Application Period.

U.S.C. §§ 1408 and 1409.

2. The bases for the requested relief are Sections 328, 330, and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

## BACKGROUND

3. On December 26, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "Court"). Shortly thereafter, N. Neville Reid was appointed as chapter 7 trustee for the Debtor's Estate.

4. As of March 8, 2017, the sole assets of the Estate were two related settlement agreements regarding Debtor's personal injury claim against Novartis Pharmaceuticals Corporation ("Novartis"). One settlement agreement was among Debtor, the Trustee, and Novartis (the "Novartis Settlement Agreement"). The other settlement agreement was between the Trustee and Debtor and involved the allocation of the proceeds of the Novartis Settlement Agreement (the "Debtor Settlement Agreement") (the Novartis Settlement Agreement and the Debtor Settlement Agreement may hereinafter be referred to collectively as the "Settlement Agreements").

5. The Novartis Settlement Agreement provided that Novartis would pay the Debtor $79,285.72 in cash in return for waiving any and all claims the Debtor may have had against Novartis, payment of Debtor's personal injury attorneys and all Medicare liens regarding Debtor's treatment relating to his underlying claims against Novartis.

6. The Debtor Settlement stated that the Debtor and the Trustee would evenly split

2

the remaining proceeds from the Novartis Settlement Agreement. In return for splitting the proceeds, the Debtor agreed to waive any exemption related to those proceeds.

7.  In light of all factors courts typically use to analyze settlements-including a general cost/benefit analysis of litigation, the risks posed by further delay in resolving the dispute, and the likelihood of the Trustee's success on the merits, the Trustee believed that it was in the general best interest of the Estate and creditors to finalize the Settlement Agreements.

8.  On March 8, 2017, the Court entered an order approving the Settlement Agreements.

## REQUESTED RELIEF

9.  FSLC files this Application to be allowed an administrative claim for its unpaid fees and expenses for work performed on behalf of the Trustee during the Application period, and authorized to pay such outstanding fees and expenses.

10. Attached as Exhibit A to this Application is a schedule of the name and position of each attorney and paralegal who has performed work for the Trustee for which reimbursement is sought, the number of hours billed by each professional and his/her hourly billing rate, as well as the year each attorney graduated from law school and was admitted to practice in Illinois.

11. Attached as Exhibit B to this Application are the detailed chronological FSLC time entries by task, describing the actual, necessary services rendered and time expended for work performed on behalf of the Trustee during the Application Period, consisting of the following categories: (B-1) General Case Administration, (B-2) Professional Retention, (B-3) Fee Application, (B-4) Claims Analysis, and (B-5) Asset Recovery.

12. Attached as Exhibit C to this Application is a summary of the actual, necessary expenses incurred by FSLC during the Application Period.

3

**PROFESSIONAL SERVICES RENDERED**

13. During the Application Period, and more specifically delineated on <u>Exhibit B</u> hereto, FSLC has performed the following services on behalf of the Trustee:

   A. <u>General Case Administration</u>. FSLC performed various miscellaneous tasks that facilitated the Trustee's ability to finalize the Settlement Agreements.

   [The tasks in this category account for $588.00, or 2.8 hours of the Requested Compensation.]

   B. <u>Professional Retention</u>. FSLC prepared, filed, and presented the Trustee's Application to Employ Fox Swibel Levin & Carroll LLP, as General Bankruptcy Counsel Retroactive to March 9, 2016 [Dkt. 82].

   [The tasks in this category account for $1,536.00, or 5.9 hours of the Requested Compensation.]

   C. <u>Fee Application</u>. FSLC prepared, filed, and presented the Trustee's Motion to Pay Special Co-Counsel [Dkt. 78].

   [The tasks in this category account for $1,405.50, or 5.3 hours of the Requested Compensation.]

   D. <u>Claims Analysis</u>. Researched and analyzed the Medicare lien on file to

determine the total amount filed against the Estate.

[The tasks in this category account for $1,802.00, or 4.7 hours of the Requested Compensation.]

E. <u>Asset Recovery</u>. FSLC prepared, filed, and presented the Motion of Trustee for Order (1) Approving Settlement Agreements Regarding Personal Injury Claims of Terry Calhoun and (2) Limiting Notice [Dkt. 76].

[The tasks in this category account for $16,334.50, or 44.3 hours of the Requested Compensation.]

## APPROPRIATENESS OF FEES

14. The total amount of allowed fees sought by FSLC for professional services in this Application is $21,666.00. As an accommodation to the Estate, the Trustee is limiting payment of fees incurred during the Application Period to $3,105.76.

15. The professional services provided by FSLC to the Trustee during the Application Period were necessary and appropriate to assist the Trustee with the administration of the Debtor's case, and were in the best interests of the Estate. Compensation for the services provided by FSLC is commensurate with the complexity, importance, and nature of the problems, issues and tasks involved. FSLC undertook all reasonable efforts to ensure that the services it provided were performed in an efficient manner, without duplication of effort.

5

16. FSLC's fees are recorded in a computerized time record system, from which the billing records attached to this Application were generated. FSLC has reviewed the billing records to ensure their accuracy.

17. FSLC's billing rates for the matters set forth in this Application are consistent with reasonable and customary rates among attorneys and paralegals for the work performed.

18. FSLC's requested fees are awardable pursuant to Section 330 of the Bankruptcy Code as reasonable and necessary expenses incurred for the administration of the Estate.

## FSLC EXPENSE POLICIES

19. FSLC charges clients for actual out-of-pocket expenses it incurs on their behalf such as travel, postage, outside copying costs, outside vendor costs, and court fees. FSLC typically does not charge for internal photocopying costs or phone charges, and no such expenses are sought in this application.

20. All of the expenses sought by FSLC in this Application relate to charges for postage, overnight and messenger services for mailings in the case. The total amount of out-of-pocket expenses for which FSLC seeks reimbursement is $110.61 and is further described in Exhibit C to this Application.

21. FSLC's requested expenses are awardable pursuant to Section 330 of the Bankruptcy Code as actual, necessary expenses incurred for the administration of the Debtor's Estate.

## NOTICE

22. Pursuant to Bankruptcy Rule 2002, notice of this Application has been given to: (a) the Debtor; (b) the Debtor's counsel; (c) the United States Trustee for the Northern District of Illinois; (d) all creditors who filed a proof of claim in the case; and (e) all other parties set up to

6

receive notice through the Court's ECF filing system. As to creditors, and to save costs for the Estate, the Trustee requests that, pursuant to Bankruptcy Rule 2002(h), the court limit notice of this application to creditors who have filed a proof of claim in the case. No incremental prejudice will result to any other creditor who did not file a proof of claim since such creditors are not entitled to a distribution in this case. In light of the nature of the relief requested, the Trustee submits that no further notice is required.

WHEREFORE, FSLC requests entry of an order (i) allowing an administrative claim for the Requested Compensation; (ii) authorizing the Trustee to pay FSLC allowed fees in the amount of $3,105.76 incurred during the Application Period; and (iii) for such other and further relief as is proper and just.

Dated: November 3, 2017                            Respectfully submitted,

                                                    **FOX SWIBEL LEVIN & CARROLL LLP**

                                                    *By:   /s/ N. Neville Reid*
                                                           Fox Swibel Levin & Carroll LLP,
                                                           General Bankruptcy Counsel to the Trustee

N. Neville Reid (ARDC #6195837)
Ryan T. Schultz (ARDC #6288585)
Brian J. Wilson (ARDC #6294099)
**FOX SWIBEL LEVIN & CARROLL LLP**
200 West Madison Street, Suite 3000
Chicago, IL  60606
Ph:  312.224.1200
Fx:  312.224.1201